IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES BROWN and CHRISTINE BROWN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| PULTE HOME CORPORATION OF THE DELAWARE VALLEY, and PULTE HOMES OF PENNSYLVANIA, LP | : : : | NO. 10-mc-201 |

## MEMORANDUM OPINION

**Savage, J.**                                                                                            February 14, 2011

The plaintiffs, James and Christine Brown, have petitioned to confirm in part and vacate in part an arbitration award in their favor. The arbitration addressed a dispute arising out of the purchase of a home from the defendant. The contract for the sale of the home had a mandatory arbitration clause which provided that all disputes were to be submitted to arbitration governed by the Federal Arbitration Act ("FAA") and conducted in accordance with the Rules of the American Arbitration Association for Construction.

The Browns contended that their new home purchased from the defendant had been contaminated with toxic chemicals that caused them to suffer serious medical injuries and rendered the home uninhabitable. They sought damages for expenses for medical treatment, remediation of the condition, relocation, and loss of use of the property. They asserted four causes of action: (1) breach of warranty related to punch list (unfinished) items; (2) breach of implied warranty of habitability; (3) violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"); and (4) misrepresentation.

The parties agreed to a bifurcated arbitration, proceeding first with liability and then damages. On June 17, 2010, after four days of hearings on liability, the arbitrator issued an award finding in favor of the Browns and against Pulte on liability. On October 20,

2010, after conducting a damages hearing, he issued his award in favor of the Browns for non-economic damages, loss of value of the property, repairs to the property, and medical expenses in the total amount of $172,544.

The Browns contend that the arbitrator improperly modified his earlier liability finding when he noted in his damages award that there was no liability under the UTPCPL. They argue that because the time for petitioning to modify or vacate the liability award had expired, the arbitrator exceeded his authority by *sua sponte* modifying his liability award.

**Discussion**

The Federal Arbitration Act, 9 U.S.C. § 1, *et seq*. (2010), requires a court to confirm an arbitration award unless it is vacated, modified, or corrected on grounds prescribed in §§ 10 and 11. *Hall Street Assoc., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008). The grounds for vacating an award are listed in § 10, and those for modifying or correcting it are set out in § 11. *Id.* An arbitration award may be vacated only where the party seeking to overturn the award establishes that the arbitrator engaged in fraud, "partiality or corruption," procedural misconduct prejudicing the rights of a party, or exceeded his powers. 9 U.S.C. § 10. Modification or correction is permitted where the award contains a mathematical or clerical error, extends beyond the scope of the arbitration agreement, or is "imperfect in matter of form not affecting the merits of the controversy." 9 U.S.C. § 11. These statutory grounds are exclusive. *Hall*, 552 U.S. at 584. A party seeking vacation of an arbitration award "must clear a high hurdle" in demonstrating one of these rare instances where an arbitrator's egregious impropriety is evident. *Stolt-Nielsen S.A. v. Animalfeeds Int'l Corp.*, 130 S. Ct. 1758, 1767 (2010).

Citing § 10(a)(4), the Browns allege that the arbitrator exceeded his powers when

2

he modified the liability award after the time for modification had expired and he committed a manifest disregard of the law by not awarding damages under the UTPCPL[1]. They argue that once the three-month period for serving a motion to vacate, modify, or correct the arbitrator's liability ruling had expired without the defendant having done so, the arbitrator was without the power "to revisit the liability award and then reverse it."

The Browns' argument rests on a misinterpretation of the arbitrator's awards. After concluding the liability phase of the arbitration, the arbitrator rendered an award in the nature of a general verdict, finding in favor of the Browns "on liability." He did not specify or break-down his finding with respect to each of the four causes of action asserted by the Browns.

After the damages trial, the arbitrator awarded damages in the sum of $172,544. In explaining the award, he noted that he did not find any liability under the UTPCPL, nor any punitive conduct on the part of Pulte. The Browns read this explanation as inconsistent with the earlier liability decision. It is not. The arbitrator was merely explaining why he had not awarded certain damages. He did not reverse his earlier liability finding.

As to his application of Pennsylvania law, the arbitrator's decision is not subject to

---

[1] The Browns initially complained that the arbitrator's finding of no liability under the UTPCPL was a manifest disregard of the law. At oral argument, counsel for the plaintiff withdrew this argument.

In *Hall Street*, the Supreme Court clarified, without holding, that "manifest disregard for the law" is not an additional ground for vacating an arbitration award. *Hall Street*, 552 U.S. at 584-85. After explaining that courts' use of the term was a collective characterization of the exclusive § 10 grounds or a "shorthand" reference to §§ 10(a)(3) or 10(a)(4), it emphasized that it does not invite judicial review for legal error. *Id.* at 585.

In a later decision, the Supreme Court noted that it was not deciding whether "manifest disregard" is an independent ground for vacatur under § 10 in light of its holding in *Hall Street*. *Stolt-Neilsen S.A.*, 130 S. Ct. at 1768 n.3. We believe that given the observation of the *Hall Street* court, manifest disregard is not an independent basis. In any event, the Browns no longer assert a manifest disregard argument.

our review. His ruling with respect to Pennsylvania law is simply beyond the scope of judicial review. A mistake of law is not one of the statutory grounds for disturbing an arbitration award under the FAA. *See Hall Street*, 552 U.S. at 584-85. Thus, even if we disagree with the arbitrator's application of the law to the facts as found by him, we cannot, absent any statutory basis, disturb the award.

The arbitrator acted within the scope of his powers and duties. He had the authority to determine the dispute, as he interpreted it, arising out of the contractual relationship between the parties. There is no basis to disturb his award. Therefore, we shall deny the motion to vacate the damages award and instead shall confirm it.